# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AIMEE O'NEIL,

    Plaintiff(s),

v.

STATE OF FLORIDA,

    Defendant(s).

Case No.: 2:20-cv-01124-JAD-NJK

**TRANSFER ORDER**

    Pending before the Court is Plaintiff's application to proceed *in forma pauperis* and proposed complaint. Docket Nos. 1, 1-1. The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a); *see also Parks v. Johnson*, 2016 U.S. Dist. Lexis. 16284, *1 (D. Nev. Feb. 9, 2016).

    Here, Plaintiff's claims arise out of alleged events taking place in Pasco County, Florida. *See* Docket No. 1-1 at 4. Plaintiff alleges that certain of her constitutional rights were violated by

1

the State of Florida in a child custody hearing. *See id.* at 4, 6–7. Plaintiff has not alleged any connection of any kind between her claims and this District. None of the above venue provisions renders this District a proper venue for this case.

Accordingly, it is hereby **ORDERED** that the Clerk of Court transfer this matter to the Middle District of Florida (Tampa division) and that this case be closed.[1]

IT IS SO ORDERED.

Dated: June 24, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] An order transferring venue does not address the merits of the case and, therefore, is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013) (collecting cases); *see also Ross v. Lane Community College*, 2014 WL 3783942, *4 (D. Nev. July 31, 2014) (holding that a transfer under 28 U.S.C. § 1406(a) is a non-dispositive matter).