UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AIMEE O'NEIL,

    Plaintiff,

v.                                                     Case No. 8:20-cv-1451-T-KKM-JSS

STATE OF FLORIDA,

    Defendant.
_____/

**ORDER**

Plaintiff Aimee O'Neil, proceeding pro se, has filed two complaints, two applications to proceed *in forma pauperis*, and numerous other motions. O'Neil's latest amended complaint (Doc. 22) comes after the Magistrate Judge pointed out a multitude of deficiencies in the original complaint. (Doc. 16). Defendant State of Florida has now filed a response to one of O'Neil's motions and a motion to dismiss the amended complaint with prejudice. (Doc. 39).

Although her amended complaint's formatting changed in the light of the Magistrate Judge's report, O'Neil's amended complaint still suffers from many deficiencies discussed in that report. For example, the amended complaint fails to separate into different counts each cause of action or claim for relief. (*See* Doc. 16) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 797 F.3d 1313, 1320 (11th Cir. 2015)). Further, the amended complaint contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *See Weiland*, at 1321–22. Indeed,

the Court cannot identify which official acting on behalf of the Defendant committed any of the complained of conduct nor can the Court decipher which constitutional or statutory claims are actually at issue. (*See* Doc. 22 (containing a laundry list of statutory citations and constitutional provisions entirely divorced from factual allegations that would support them)). As such, the amended complaint is due to be dismissed as a quintessential shotgun pleading that is routinely and vehemently condemned by the Eleventh Circuit. *See* Fed. R. Civ. P. 8(a) and 10(b).

Pro se filings must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). And pro se litigants must be given one chance to amend before an action can be dismissed on shotgun pleading grounds. *See Nezbeda v. Liberty Mut. Ins. Corp.*, 789 F. App'x 180, 183 (11th Cir. 2019). But O'Neil squandered that second chance by filing an amended complaint that is both another shotgun pleading and patently frivolous. *See* 28 U.S. § 1915(e)(2)(i) (stating that a court may dismiss an action at any time if the court determines that the action "is frivolous or malicious"); *see also Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact."). O'Neil's amended complaint—unlike the initial complaint about a 2000 state-court judgment concerning custody of her children—alleges that the State of Florida has conspired with O'Neil's sister to harass and spy on her while she has been living in Colorado and Nevada. There is no identification of *any* official on behalf of Defendant who has done so nor are there coherent factual allegations that explain in what manner these unnamed state officials have violated her rights.

2

The Court notes that this is not O'Neil's first foray into federal court. She previously had two cases dismissed and filed a separate action after this once began. *See O'Neil v. Diskey*, 8:09-cv-937-RAL-EAJ (closed May 26, 2009); *O'Neil v. Pasco County*, 8:09-cv-2625-JSM-AEP (closed July 16, 2010);[1] *O'Neil v. Florida*, 8:21-cv-71-SDM-CPT. The *Diskey* case, in fact, contained allegations very similar to the original ones here. And O'Neal's subsequent filings in this case have been largely incoherent. (Docs. 26, 28, 34, 37, 38, 41, 42, 44, 45, 46).

District courts have the power to enjoin a person from filing actions in judicial forums and otherwise restrict that person's filings. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002); *see also Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993) ("The Court has upheld pre-filing restrictions on litigious plaintiffs."). If O'Neil continues filing frivolous motions in this case or commences new actions based on similarly incoherent and patently meritless claims, the Court will consider imposing pre-filing restrictions on O'Neil's ability to file new actions.

As a result, the following is **ORDERED**:

1. The Defendant's Motion to Dismiss with Prejudice (Doc. 39) is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE**.

3. The motion to proceed *in forma pauperis* (Doc. 26) is **DENIED**.

---

[1] The Eleventh Circuit dismissed as frivolous O'Neil's appeal in *Pasco County*. *See* 8:09-cv-2625-JSM-AEP (Doc. 21) (July 16, 2010).

4. The Clerk is directed to close this case and terminate any pending motions or deadlines.

**ORDERED** in Tampa, Florida, on March 3, 2021.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge